CLARKE, P. J., McLAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Determination, judgment and order reversed and complaint dismissed, with costs to appellant in all courts.

---

LODOWICK HOLMES JONES, Appellant, v. HARRY T. RAMSDELL and Others, Respondents. (Appeal No. 2.)

Fourth Department, May 17, 1916.

Supplementary proceedings instituted to obtain evidence for use upon trial — right of defendant to restrain further examination.

Where it appears that the primary object of supplementary proceedings instituted by a plaintiff is not to discover property with which to satisfy the judgment upon which the proceedings are based, but rather to obtain evidence for use upon the trial of an action, the defendants may move in such action to restrain further examination in the supplementary proceedings.

APPEAL by the plaintiff, Lodowick Holmes Jones, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 13th day of April, 1916.

*Lodowick Holmes Jones*, appellant, in person.

*Charles B. Sears*, for the respondents.

MERRELL, J.:

This is an appeal from an order granted at Special Term, restraining the examination by plaintiff of the defendants, in

supplementary proceedings, in respect to the matters alleged in the complaint herein.   Prior to the commencement of this action, the plaintiff, for the avowed purpose of obtaining evidence for use upon the trial of this action, procured supplementary proceedings to be instituted upon a judgment theretofore entered against him.   Plaintiff admits in his affidavit used in opposition to this motion that he procured one John H. Redmond of New York city to obtain an assignment of the judgment in question; that plaintiff's wife furnished the funds with which to obtain such judgment.   A referee was appointed in supplementary proceedings, a number of witnesses have been examined and a large volume of testimony taken in such proceedings.   In his affidavit opposing this motion plaintiff admits that he is responsible for and controls this proceeding, averring: "I shall and do control the proceeding by being ready to pay the judgment whenever it pleases me, to do so, and I shall not pay it until it has served its full purpose, which is this: To force Ramsdell [defendant] from time to time to give his testimony on point after point herein as same arise." And further: "I quite agree with Mr. Sears [of counsel for the moving parties] that this proceeding 'is being used' 'to examine before trial parties and witnesses to use their testimony or admissions upon this trial.'"

Plaintiff thus freely admits that the primary object of these supplementary proceedings is not to discover property with which to satisfy the judgment upon which the proceedings were based, but rather to obtain evidence for use upon the trial of this action.   Such is not the office of proceedings supplementary to execution.

These views are not in conflict with the authorities cited by appellant.   Inasmuch as the plaintiff confesses that the proceedings are being continued to obtain evidence for use on the trial of this action, we think the defendants can properly move in this action to restrain further examination therein.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred; LAMBERT, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.